Gad **DEMRY**, Tamara D. Haviv, individually and on behalf of all others similarly situated, Plaintiffs–Appellants,

v.

**CITIBANK (SOUTH DAKOTA), N.A., Defendant–Appellee.**

**Docket No. 03–7171.**

United States Court of Appeals, Second Circuit.

Nov. 21, 2003.

Kenneth F. McCallion, McCallion & Associates, LLP, New York, N.Y. (H. Rajan Sharma and Harley J. Schnall, on the brief), for Appellants, of counsel.

Christopher R. Lipsett, Wilmer, Cutler & Pickering, New York, N.Y. (Matthew P. Previn, of counsel, on the brief), for Appellee.

PRESENT: OAKES, JACOBS, and POOLER, Circuit Judges.

### SUMMARY ORDER

Gad Demry and Tamara D. Haviv appeal from an opinion and order entered in the United States District Court for the Southern District of New York (Baer, *J.*) on January 23, 2003, denying their motion for partial summary judgment and granting Citibank's motion to dismiss the complaint. Demry and Haviv argue that the district court improperly dismissed their claims that Citibank violated both the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* ("TILA") and the South Dakota Deceptive Trade Practice and Consumer Protection Statute, S.D. Codified Laws § 37–24–6 ("DTPCP"), and that Citibank breached its contractual obligations. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

This Court reviews *de novo* a district court's grant of summary judgment. *E.g., Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir.2000). It is necessary "to determine whether a genuine issue of material fact exists and whether the law was applied correctly below." *Luyando v. Grinker*, 8 F.3d 948, 950 (2d Cir.1993).

In resolving the questions of whether Citibank violated TILA, DTPCP, or its contractual obligations, we substantially adopt the reasoning of the district court. The appellant challenges the district court's observation that: "I find nothing in the TILA, which prohibits defendant from warning consumers in their monthly statements that their initially fixed interest rates on certain charges may also vary...." *Demry v. Citibank (South Dakota), N.A.*, No. 01 Civ. 9959(HB), 2003 WL 179772, at *2 (S.D.N.Y. Jan.24, 2003). The ground of the challenge is that the district court is eliding the distinction between fixed and variable rates. Although, as everyone agrees, the fixed rates increase on default, the point is well taken that the default mechanism does not make these fixed rates variable.

This argument has no bearing on the result, however, because Regulation Z, a TILA regulation, provides that "[i]f a vari-

able rate plan is involved, the creditor shall disclose the fact that the periodic rate(s) may vary." 12 C.F.R. § 226.7(d), n. 15. In this case, "a variable rate plan [was] involved," so Citibank properly included a disclosure that "periodic rate(s) may vary." *See id.* This disclosure explicitly satisfied the requirements of Regulation Z, and the district court had no need to address the fixed rates.

Since Citibank did not violate any TILA provision, it is unnecessary to review the district court's conclusion that Demry and Haviv would have had to prove detrimental reliance in order to collect actual damages.

The judgment of the district court is hereby **AFFIRMED.**